privacy. It was competent, to overcome the possible effect of the evidence of Mrs. Rees on the jury, to show her bias and interest, to the end that her credibility could be passed upon after all the facts in connection with her testimony were known. The reference, too, in the letter, that the witness pleaded with plaintiff to "suspend her ire" until the defendant could personally see her, strongly supports the theory that the letter was probably written after consultation with plaintiff, or at least that she had some knowledge with regard to it. Furthermore, Miss Randel, employed by and called on behalf of the defendant, had testified, that she was present on an occasion when plaintiff called and found Mrs. Rees in the operating chair, and that she heard plaintiff say "that she had recommended Madame Calve to Dr. Harlan, because she knew that Dr. Harlan would do the right thing by Madame Calve, and she told Madame Calve that she expected nothing in return." Mrs. Rees met this evidence, when called in rebuttal, by declaring that "that young lady" was not in the operating room at the time in question. This additional denial indicates, not only the importance of the evidence furnished by Mrs. Rees, but also that the plaintiff's case rests largely upon it. We think the letter should have been admitted, and that its exclusion requires us to reverse the judgment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs. LEVENTRITT, J., taking no part.

<hr>

### FRANK et al. v. MANDEL.

#### (Supreme Court, Appellate Term. November 29, 1907.)

CONTRACTS—SUBSTANTIAL PERFORMANCE—ACTIONS—AMOUNT OF RECOVERY.

Substantial performance of a contract does not warrant recovery of the full contract price; but the recovery is limited to an amount representing the difference between the contract price and the sum required to supply the omissions which, when remedied, would make performance complete.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1493, 1493½, 1502.]

Appeal from City Court of New York, Trial Term.

Action by Hyman Frank and others, copartners, against Samuel Mandel. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Eisman & Levy, for appellant.
Marx & Freyer, for respondents.

LEVENTRITT, J. The evidence discloses a dispute as to whether the contract between the parties had been fully or only substantially performed; the defendant contending that materials of a certain value contracted for had not been furnished. The learned trial justice

charged in effect (1) that unless the plaintiffs had proven substantial performance they ·could not recover, and (2) that if they had proved substantial performance they were entitled to the full contract price.

To the second branch of the charge the defendant properly excepted. In the event of substantial performance the plaintiffs were not entitled to recover the full contract price. Under those circumstances their recovery would be limited to such an amount as would represent the difference between the contract price and the sum required to remedy the omissions, which, when remedied, would make performance complete. Following the erroneous instructions of the court, the jury returned a verdict for the full contract price. The defendant having been thus improperly deprived of a reduction to which he might be entitled, he should have a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.

---

(56 Misc. Rep. 473.)

### KURLANCHICK v. SKLAMBERG.

#### (Supreme Court, Appellate Term. November 29, 1907.)

**1. MUNICIPAL CORPORATIONS—RIGHTS OF ABUTTING OWNER—OBSTRUCTION OF STREETS.**

While one has a right to use the sidewalk for loading and unloading goods that necessarily have to be taken from and into his place of business, and may in so doing temporarily obstruct the sidewalk, he must show that his use is necessary, temporary, and reasonable, and the question whether the use is such is one of fact, to be determined with reference to time, place, and circumstances.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1446.]

**2. SAME—INJURY ·TO PEDESTRIAN.**

A pedestrian fell against a skid used by a wholesale grocer and was injured. The grocer loaded and unloaded goods by means of the skid, which was always on the walk, and on some days in use every hour. It took from 5 to 15 minutes to unload a truck. There was also evidence that the skid was in constant use. *Held*, in an action by the pedestrian for· the injuries, to establish a prima facie case calling on the grocer to show, to avoid liability, that his use of the sidewalk was reasonable.

**3. SAME—PROXIMATE CAUSE.**

Where the use of a sidewalk by a grocer in loading and unloading goods· amounted to a nuisance, and a pedestrian was injured by reason thereof, the nuisance was the proximate cause of the injury, and the grocer was· liable therefor.

Appeal from Municipal Court, Borough of Manhattan.

Action by Sarah Kurlanchick against Hyman Sklamberg. From a. judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and. ERLANGER, JJ.

Isidor Cohn, for appellant.

Frank V. Johnson (Harry S. Austin, of counsel), for respondent.

LEVENTRITT, J. The defendant is a wholesale grocer engaged in business at No. 71 Ludlow street, a main thoroughfare of this city.